UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE LB IGLOO SERIES IV TRUST <br>     Plaintiff, <br><br> v. <br><br> MICHAEL J. CAMBIO; RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION; ARROW FINANCIAL SERVICES LLC; PORTFOLIO RECOVERY ASSOCIATES, <br><br><br>     Defendants. | Civil Action No. |

## VERIFIED COMPLAINT

### Jurisdiction and Venue

1.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) since there is complete diversity between Plaintiff and all Defendants and the amount in controversy exceeds $75,000.00.

2.    Venue is proper under 28 U.S.C. § 1391(b)(2) since the real property that is subject to this complaint is located in the State of Rhode Island.

3.    Plaintiff seeks to foreclose a mortgage to Plaintiff pursuant to R.I.G.L. § 34-27-1, et seq.

## Parties

4.      Plaintiff U.S. Bank Trust National Association as Trustee of the LB Igloo Series IV Trust is a corporation with an address of 7114 E. Stetson Dr., Suite 250, Scottsdale, Arizona. ("**U.S. Bank Trust**").

5.      Michael J. Cambio (the "**Defendant**") is the owner of 23 Longbow Drive, West Warwick, Rhode Island (the "**Property**").

6.      Defendant Rhode Island Housing and Mortgage Finance Corporation ("**RIHMFC**") has a principal place of business at 44 Washington Street, Providence, Rhode Island.

7.      RIHMFC is the holder of two (2) junior mortgages that encumbrance the Property.   The mortgages are recorded in the Land Evidence Records of West Warwick as instrument number 2484 - 2265 and 2484-2266.

8.      Upon information and belief, defendant Arrow Financial Services LLC has a principal place of business at 5996 West Touhy Avenue, Niles, Illinois.

9.      Arrow Financial Services LLC has an execution recorded against the Property in the Land Evidence Records of West Warwick in Book 2127 on Page 255.

10.      Upon information and belief, Defendant Portfolio Recovery Associates ("**Portfolio**") has a principal place of business at 120 Corporate Boulevard, Norfolk, VA.

11.      Portfolio has an execution recorded against the Property in the Land Evidence Records of West Warwick in Book 2327 on Page 103.

2

## Facts

12.     On January 6, 1992, G.M. Homes of R.I., Inc. executed and delivered a

deed for Property to Michael J. Cambio and Ann Marie Cambio.  Exhibit A.

13.     On February 19, 2002, Ann Marie Capoverdi formerly known as Ann

Marie Cambio and Michael J. Cambio executed and delivered a Quit-Claim Deed for the

Property to Michael J. Cambio.  See Exhibit A.

14.     There is an unbroken chain of title of not less than 40 years.  See Exhibit B.

15.     On April 24, 2007, Michael J. Cambio executed and delivered a note to

Coastway Credit Union in the principal amount of $155,000.00 (the "**Note**").  See Exhibit

C.

16.     The Note was subsequently endorsed in blank.  At the time of filing this

complaint, U.S. Bank Trust or its agent has possession of the Note.

17.     As security for the Note, Michael J. Cambio executed, granted, and

delivered a first mortgage in the amount of $155,000.00 containing a power of sale to

Mortgage Electronic Registration Systems, Inc. ("**MERS**") as nominee for Coastway

Credit Union dated April 24, 2007 and recorded in the Land Evidence Records for the

Town of West Warwick on April 30, 2007 in Book 1857 on Page 149 (the "**Mortgage**").

See Exhibit D.

18.     The Mortgage was assigned from MERS to Wells Fargo Bank, N.A.  by an

assignment of mortgage dated July 16, 2009 and recorded in the Land Evidence Records

for the Town of West Warwick on July 17, 2009 in Book 2014 on Page 228.  The

Mortgage was subsequently assigned to Specialized Loan Servicing, LLC by an

assignment of mortgage dated March 21, 2018 and recorded in the Land Evidence Records for the Town of West Warwick on April 4, 2018 in Book 2483 on Page 1289. The Mortgage was then assigned to U.S. Bank Trust National Association as Trustee of the Chalet Series III Trust by an assignment of mortgage dated February 15, 2019 and recorded in the Land Evidence Records for the Town of West Warwick on March 12, 2019 in Book 2484 at Page 944. The Mortgage was then assigned to Wilmington Savings Fund Society, FSB as Owner Trustee of the Residential Credit Opportunities Trust V.C. by assignment of mortgage dated April 25, 2019 and recorded February 11, 2021 in the Land Evidence Records of the Town of West Warwick in Book 2486 on Page 964. Next, the Mortgage was assigned to Citibank, N.A. as Trustee for CMLTI Asset Trust by assignment of mortgage dated January 25, 2021 and recorded on February 11, 2021 in the Land Evidence Records of the Town of West Warwick in Book 2486 at Pate 965. The Mortgage was subsequently assigned to U.S. Bank Trust National Association as Trustee of the LB Igloo IV Trust by assignment of mortgage dated June 30, 2021 and recorded in the Land Evidence Records of the Town of West Warwick on July 21, 2021 in as instrument number 2486-4588. See Exhibit E.

19.    The Mortgage is secured by the Property located in the Town of West Warwick, Rhode Island and more particularly described as follows:

That certain tract or parcel of land with all the buildings and improvements thereon, in the Town of West Warwick, County of Kent and State of Rhode Island, laid out and designated as Lot No. 112 on that plat entitled, "FINAL FOR NOTTINGHAM ESTATES SECTION NO. 4 situated in West Warwick, Rhode Island (A.P. 12 Lots 1, 27, 28, 31 & 32) OWNER/DEVELOPER TRI-TOWN ASSOCIATES BY : KIRK D. ANDREWS Registered Land Surveyor," which plat is recorded in the Land Evidence Records in the Town of West Warwick in Plat Book 3 at Page 53, 54, and 55.

20.     U.S. Bank Trust is the present holder of the Mortgage and owner of the

Note or authorized by the owner of the Note.

21.     No person other than the parties hereto appears of record in Land

Evidence Records for the Town of West Warwick.

### COUNT I

22.     U.S. Bank Trust realleges and reaffirms the allegations set forth in

paragraphs 1-21 as if restated herein.

23.     Defendant is in default in the performance of the terms and conditions of

the Note by reason of the failure to timely tender principal and interest payments as

required by the terms of the Note.

24.     As of January 25, 2021, the sum of $5,992.50 was necessary to cure the

default.

25.     As a result of the default, U.S. Bank Trust is entitled to foreclose the sums

due and owing in connection with the Note.

26.     U.S. Bank Trust is the party entitled to collect the debt evidenced by the

Note and is the party entitled to enforce the Mortgage.

27.     The unpaid balance due pursuant to the terms of the Note is $165,515.42 plus interest from July 27, 2021 and late charges and collection costs that have not been paid although due and payable.

28.     Defendant has no defenses or right of set off with respect to the amounts due in connection with the Note.

29.     On or about January 25, 2021, the authorized servicer of U.S. Bank Trust's successor in interest sent a notice of default and demand to the Defendants in accordance with the notice and default provisions of the Mortgage.  See Exhibit F.

30.     On or about July 27, 2021, U.S. Bank Trust's attorney sent a notice of acceleration of the debt pursuant to the notice and default provisions of the Mortgage. See Exhibit G.

31.     The foreclosure mediation provisions of R.I. Gen. Laws § 34-27-3.2 do not apply.  Specifically, Banking Regulation 230-RICR-40-10-4 Section 4.5A(6) permits a mortgagee to proceed to foreclosure without providing a notice of mediation conference to the mortgagor.

32.     The foreclosure counseling provisions of R.I. Gen. Laws § 34-27-3.1 do not apply to foreclosures conducted pursuant to R.I. Gen. Laws § 34-27-1.

## COUNT II

33.     U.S. Bank Trust realleges and reaffirms the allegations set forth in paragraphs 1-32 as if restated herein.

34.     Defendant, as the present owner of the Property is the owner of the equity of redemption of the Property.

35.     The Defendant is in default in the performance of the terms and conditions of the Mortgage, namely: default in the payment of principal and interest of the Note secured by the Mortgage.

36.     U.S. Bank Trust, its successors and/or assigns, is entitled to foreclose the Mortgage, in full or partial satisfaction of the Defendant's obligations in connection with the Note and Mortgage pursuant to their terms and applicable law.

37.     U.S. Bank Trust, its successors and/or assigns, is entitled to foreclose the Mortgage by entry and possession and by exercise of the power of sale contained therein, in accordance with R.I.G.L. § 34-27-1, et seq.

38.     Upon information and belief and upon examination of the public records, there are no other parties with an equitable interest in the Property.

39.     Upon information and belief and upon examination of the public records, there are no other parties with a mortgage, lien or encumbrance with respect to the Property.

40.     Upon information and belief, there are no persons having any interest of ownership who are in the Military Service of the United States of America or otherwise entitled to the relief and benefits provided by the Act of Congress known as the Soldiers' and Sailors' Civil Relief Act of 1940, as amended.  See Exhibit H.

WHEREFORE, U.S. Bank Trust respectfully request that this Court enter an order:

1. That an order of notice issue on this complaint, if the Court deems appropriate;

2. Declare that the Mortgage recorded in the Land Evidence Records for the Town of West Warwick on April 30, 2007 in Book 1857 on Page 149 is a valid first priority lien on the Property;

3. Declare the Defendant is in default of the terms and conditions of the Note and Mortgage;

4. Declare that the foreclosure mediation provisions of RIGL § 34-27-3.2 do not apply;

5. Declare that the foreclosure counseling provisions of RIGL § 34-27-3.1 do not apply;

6. Enter judgment authorizing U.S. Bank Trust, its successors and/or assigns, to foreclose the Mortgage recorded in the Land Evidence Records for the Town of West Warwick on April 30, 2007 in Book 1857 on Page 149, by the exercise of the statutory power of sale therein and in accordance with R.I.G.L. § 34-11-22 and R.I.G.L. § 34-27-1, et seq;

7. Enter judgment in favor of U.S. Bank Trust, its successors and/or assigns, for the sums due and owing from Defendants in connection with the Note and Mortgage except for any amounts that may have been discharged in bankruptcy;

8. Enter an order authorizing U.S. Bank Trust, its successors and/or assigns, to satisfy its judgment from the foreclosure pursuant to the terms of the Mortgage;

9. The Court approve the acts of U.S. Bank Trust, its successors and /or assigns, done and performed under the authority of any interlocutory decree authorizing a foreclosure sale and enter a final decree confirming the foreclosure sale; and

10. Grant U.S. Bank Trust such other and further relief this Honorable Court deems meet and just.

Respectfully submitted,

U.S. BANK TRUST NATIONAL
ASSOCIATION AS TRUSTEE OF THE
LB IGLOO IV TRUST,

By their attorneys,

/s/ *Michael E. Swain*
Michael E. Swain, Esq. (RI Bar No. 8190)
Demerle Hoeger LLP
10 City Square
Boston, MA 02129
(617) 337-4444
MSwain@DHNewEngland.com

DATE: December 22, 2021

*Verification Page to Follow*

## VERIFICATION

I reviewed the allegations set forth in the foregoing complaint and verify and affirm

that the allegations are true based on my review of the records maintained in the

ordinary course of business and review of the public records maintained by the Town of

West Warwick.  For those allegations set forth as information and belief, I believe them

to be true based on the information I reviewed.

By: _Amand Keith_

Name: Amanda Keith

Title: Asset Manager

SN Servicing Corporation

Date: November 18, 2021



# EXHIBIT A

Vesting Deed

G.M. HOMES OF R.I., INC., a Rhode Island corporation, for consideration paid grant to MICHAEL J. CAMBIO and ANN MARIE CAMBIO husband and wife of 23 Longbow Drive West Warwick, Rhode Island both residents of the State of Rhode Island as Tenants By The Entirety and not as Joint Tenants or Tenants in Common

with Warranty Covenants

That certain tract or parcel of land with all the buildings and improvements thereon, laid out and designated as Lot No. 112 ( One hundred-twelve ) on that plat entitled, "FINAL FOR NOTTINGHAM ESTATES SECTION NO. 4 Situated in West Warwick, Rhode Island (A.P.12 Lots 1, 27, 28, 31, & 32) OWNER/DEVELOPER TRI-TOWN ASSOCIATES BY: KIRK D. ANDREWS Registered Land Surveyor", which plat is recorded in the Land Evidence Records in the Town of West Warwick in Plat Book 3 at pages 53, 54, and 55.

Subject to easements and set back lines of record.

Subject to any present or future sewer assessments of record.

Witness this  6  day of January , 1992, said corporation has caused these Presents to be executed and its corporate seal to be hereunto affixed by its Officer's) duly authorized.

G.M. HOMES OF R.I., INC.

By: _____
JOSEPH GUASTAMACHIO
ITS: President

STATE OF RHODE ISLAND
COUNTY OF Kent County

In W. Warwick on the  6  day of January , 1992, before me personally appeared JOSEPH GUASTAMACHIO, President of G.M. HOMES OF R.I., INC., to me known and known by me to be the part executing the foregoing instrument, and he acknowledged said instrument, by him executed, to be his free act and deed, in his said capacity and the free act and deed of said corporation.

_____
NOTARY PUBLIC
My Commission Expires:

Nancy Grello
10/30/93

Grantees address:

23 Longbow Drive

West Warwick, R.I. 02893

L/nottdeed

JAN -7 1992  2:00
REC'D W. WARWICK, RI  AT  O'CLOCK P.M.
BOOK 444  PAGE 301

TAX  266.00
DATE
RECD

001746

REAL ESTATE CONVEYANCE TAX

301

1388

REC'D FOR RECORD IN
WEST WARWICK, RI

FEB 25 2002

At 11:07 M Book 1013 Page 12
Town Clerk

## QUIT-CLAIM DEED

Ann Marie Capoverdi formerly known as Ann Marie Cambio, of Johnston, Rhode Island
and Michael J. Cambio, of West Warwick, Rhode Island

for consideration paid, hereby grant to **Michael J. Cambio**, of West Warwick, Rhode Island

with **QUIT-CLAIM COVENANTS**

(Description, and Incumbrances, if any)

See Legal Description marked Exhibit "A" attached hereto and made a part hereof.

This transfer is such that no R.I.G.L. 44-30-71.3 withholding is required as the grantors
are residents of Rhode Island evidenced by affidavit.

The undersigned hereby certify that this transfer is not a sale, and is therefore exempt
from, R.I.G.L. sec. 23-28.35-1 et seq.

Consideration is such that no transfer stamps are required.

Witness my hand this 19th day of February, 2002.

_Ann Marie Capoverdi formerly_
_known as Ann Marie Cambio_

Ann Marie Capoverdi formerly known as
Ann Marie Cambio

Witness my hand this 20th day of February, 2002.

Michael J. Cambio

State of Rhode Island
County of Providence

In Providence on the 19th and 20th day of February, 2002, before me personally appeared
Ann Marie Capoverdi formerly known as Ann Marie Cambio and Michael J. Cambio, to me
known and known by me to be the parties executing the foregoing instrument, and they
acknowledged said instrument, by them executed, to be their free act and deed.

Notary Public: Hugh Eric Barry
My Comm. Expires: 5/27/2005

Please Return To:
Hugh Eric Barry, Esq.
400 Reservoir Ave., Suite 1A
Providence, RI 02907

1

**EXHIBIT "A"**

That certain tract or parcel of land with all the buildings and improvements thereon, in the Town of West Warwick, County of Kent and State of Rhode Island, laid out and designated as Lot No. 112 on that plat entitled, "FINAL FOR NOTTINGHAM ESTATES SECTION NO. 4 Situated in West Warwick, Rhode Island (A.P. 12 Lots 1, 27, 28, 31 & 32) OWNER/DEVELOPER TRI-TOWN ASSOCIATES BY: KIRK D. ANDREWS Registered Land Surveyor," which plat is recorded in the Land Evidence Records in the Town of West Warwick in Plat Book 3 at Pages 53, 54, and 55.

Subject to easements and setback lines of record.

Subject to any present or future sewer assessments of record.



For reference purposes only:

Property Address:   23 Longbow Drive
West Warwick, RI

AP 12
AL 712

# EXHIBIT B

Chain of Title



# EXHIBIT C

Note

23 LONGBOW DRIVE, West Warwick, Rhode Island 02893
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 155,000.00 ✓ (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is COASTWAY CREDIT UNION, A STATE CHARTERED CREDIT UNION ✓ .

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.375 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on JUNE 1 2007 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on MAY 1, 2037 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 25 LOVELL AVE, CRANSTON, RHODE ISLAND 02910

or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 967.00

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit;

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200  1/01

Page 1 of 3

DocMagic 800-649-1362
www.docmagic.com

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200 1/01                    Page 2 of 3

DocMagic 800-649-1362
www.docmagic.com

If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
MICHAEL J CAMBIO      -Borrower

_____ (Seal)
                      -Borrower

_____ (Seal)
                      -Borrower

_____ (Seal)
                      -Borrower

_____ (Seal)
Pay to the order of Borrower
without recourse    Wells Fargo Bank, N.A.
this 24th day of April, 20 07.

Coastway Credit Union
By: Suzanne Fry
Asst. Vice President
RGM

_____ (Seal)
                      -Borrower
WITHOUT RECOURSE
PAY TO THE ORDER OF

WELLS FARGO BANK, N.A.

By _____
William G. Arends
Assistant Vice President

[Sign Original Only]

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200  1/01                    Page 3 of 3

DocMagic €Remms 800-649-1362
www.docmagic.com



Mortgage

After Recording Return To:

COASTWAY CREDIT UNION
25 LOVELL AVE
CRANSTON, RHODE ISLAND 02910
Loan Number:

Received in West Warwick R.I.
✓ Date Apr 30,2007 Time 11:55:39A
David D. Clayton, Town Clerk
INST = 00002865
✓ BK = 1857 Pg = 14⊱

---------------------- [Space Above This Line For Recording Data] ----------------------

# MORTGAGE

MIN:

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated APRIL 24, 2007 ✓ , together with all Riders to this document.
(B) "Borrower" is MICHAEL J CAMBIO, A SINGLE MAN ✓

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(D) "Lender" is COASTWAY CREDIT UNION ✓

Lender is a STATE CHARTERED CREDIT UNION organized and existing under the laws of RHODE ISLAND
Lender's address is 25 LOVELL AVE, CRANSTON, RHODE ISLAND 02910

(E) "Note" means the promissory note signed by Borrower and dated APRIL 24, 2007 .
The Note states that Borrower owes Lender ONE HUNDRED FIFTY-FIVE THOUSAND AND 00/100 Dollars (U.S. $ 155,000.00 ✓ ) plus interest.
Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than MAY 1, 2037 .
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

RHODE ISLAND--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3040 01/01 (rev. 11/02) (02/01/07)     Page 1 of 14     DocMagic ✆800-649-1362
www.docmagic.com

(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider      ☐ Planned Unit Development Rider
☐ Balloon Rider      ☐ Biweekly Payment Rider
☐ 1 4 Family Rider      ☐ Second Home Rider
☐ Condominium Rider      ☐ Other(s) [specify]

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) "Escrow Items" means those items that are described in Section 3.

(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property located in the COUNTY of KENT

[Type of Recording Jurisdiction]      [Name of Recording Jurisdiction]

$M^{\bar{1}L}$

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: Plat 34, Lot 48

Bk # 1857 Pg: 151

which currently has the address of
23 LONGBOW DRIVE
[Street]

West Warwick , Rhode Island 02893 ("Property Address"):
[City] [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim



which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note, (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree



In writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any



form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6.    Occupancy.  Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7.    Preservation, Maintenance and Protection of the Property; Inspections.  Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8.    Borrower's Loan Application.  Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

DocMagic €Forms 800-649-1362
www.docmagic.com

9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. Borrower shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel the ground lease. Borrower shall not, without the express written consent of Lender, alter or amend the ground lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).



As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate

RHODE ISLAND--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3040 01/01 (rev. 11/02) (02/01/07)                    Page 8 of 14

DocMagic ℰℛ𝒹ℴ𝒾𝓈: 800-649-1362
www.docmagic.com

as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's



RHODE ISLAND--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3040 01/01 (rev. 11/02) (02/01/07)    Page 9 of 14    DocMagic *eFoms* 800 649 1362
www.docmagic.com

address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. Governing Law; Severability; Rules of Construction. This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. Borrower's Copy. Borrower shall be given one copy of the Note and of this Security Instrument.

18. Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will

RHODE ISLAND -Single Family -Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3040 01/01 (rev. 11/02) (02/01/07)    Page 10 of 14

DocMagic ☎ 800-649-1362
www.docmagic.com

state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate



RHODE ISLAND–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3040 01/01 (rev. 11/02) (02/01/07)            Page 11 of 14            DocMagic ☎️800-649-1362
www.docmagic.com

payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Release. Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void. Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. No Outstanding Automatic Orders in Domestic Relations Cases. Borrower hereby represents and warrants to Lender that either (a) there is no outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against any Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation or (b) there is an outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against a Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation, and the other party that is subject to such order has consented to, or the court which issued the automatic order has issued another order authorizing, such Borrower's execution of the Note and this Security Instrument.

25. Homestead Estate. If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Security Instrument and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Security Instrument or the Note, and that said homestead estate is subject to all of the rights of Lender under this Security Instrument and the Note and all renewals, extensions and modifications of this Security Instrument and the Note, and is subordinate to the lien evidenced by this Security Instrument, and all renewals, extensions and modifications of this Security Instrument. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

$MJL$

RHODE ISLAND–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3040 01/01 (rev. 11/02) (02/01/07)        Page 12 of 14        DocMagic €Rαιαα 800-649-1362
www.docmagic.com

BK: 1837 PG: 161

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
MICHAEL J CAMBIO          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

Witness.

Witness.

Kristen A Klima

KRISTEN A. KLIMAJ
WITNESS

RHODE ISLAND--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3040 01/01 (rev. 11/02) (02/01/07)          Page 13 of 14

DocMagic *Cesxture* 800-649-1362
www.docmagic.com

BK# 1857 Pg# 162

---------- [Space Below This Line For Acknowledgment] ---------- ----------

State of Rhode Island

County of _Providence_ _____ ___

In _No Providence_ _____ in said County, on the _24 46__ _____ day of _April 2007_ _____ , before me personally appeared _MICHAEL J. CAMECO_ _____

---------- ---------- ---------- ---------- ---------- ---------- ---------- ---------- ----------

---------- ---------- ---------- ---------- ---------- ---------- ---------- ----------

each and all to me known, and known by me to be the party(ies) executing the foregoing instrument, and he/she/they acknowledged said instrument, by him/her/them executed to be his/her/their free act and deed.

Kristen A. Klimaj
Notary Public
My Commission Expires 3/14/2011

_Kristen A Klimaj_
Signature

_____
Printed or Typed Name

(Seal)

My commission expires: _____

WSC

RHODE ISLAND- Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3040 01/01 (rev 11/02) (02/01/07)                    Page 14 of 14                    DocMagic ℰℱℴℴℴℴ℀℀ 800 649 1362
www.docmagic.com

Bk = 1857 Ps = 163

## EXHIBIT A

That certain tract or parcel of land with all the buildings and improvements thereon, in the Town of West Warwick, County of Kent and State of Rhode Island, laid out and designated as Lot No. 112 on that plat entitled, "FINAL FOR NOTTINGHAM ESTATES SECTION NO. 4 situated in West Warwick, Rhode Island (A.P. 12 Lots 1, 27, 28, 31 & 32) OWNER/DEVELOPER TRI-TOWN ASSOCIATES BY : KIRK D. ANDREWS Registered Land Surveyor," which plat is recorded in the Land Evidence Records in the Town of West Warwick in Plat Book 3 at Page 53, 54, and 55.

Subject to easements and setback line of record.

Subject to any present or future sewer assessments of record.

Property Address:

23 Longbow Drive
West Warwick, RI 02893
A.P. 12, LOT 712

# EXHIBIT E

Assignment of Mortgage

Received in West Warwick R.I.
Date Jul 17,2009 Time 02:34:57P
Deborah A. Tellier, Town Clerk
INST# 00003808
Bk: 2014 Pg: 228

## ASSIGNMENT OF MORTGAGE

Mortgage Electronic Registration Systems, Inc., P.O. Box 2026 Flint, MI 48501 holder of a mortgage

from Michael J. Cambio

to Mortgage Electronic Registration Systems, Inc.

dated April 24, 2007, and recorded with the Records of Land Evidence in the Town of West Warwick on April 30, 2007 at 11:55 AM at Book 1857, Page 149

assigns said mortgage and the note and claim secured thereby to Wells Fargo Bank, NA, 3476 Stateview Boulevard Fort Mill, SC 29715

Property Address:     23 Longbow Drive, West Warwick, RI 02893

IN WITNESS WHEREOF, the said Mortgage Electronic Registration Systems, Inc. has caused its corporate seal to be hereto affixed and these presents to be signed, in its name and behalf by Francis J. Nolan, Assistant Secretary and Vice President*

this 16th day of July, 2009

Mortgage Electronic Registration Systems, Inc.

By: _____

Francis J. Nolan, Assistant Secretary and Vice

President*

*For signatory authority, see Corporate Resolution recorded with the Records of Land Evidence in the Town of West Warwick at Book 1757, Page 88

Bk# 2014 Pg# 229

The State of Rhode Island

_Middlesex_ County, ss

July 1_6_, 2009

On this _16th_ day of _July_ 20_09_, before me, the undersigned notary public, personally appeared _Francis J. Nolan_, proved to me through satisfactory evidence of identification, which were _personal knowledge_ (form of identification), to be the person whose name is signed on the preceding or attached document, and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose.

Capacity: _(as Assistant Secretary and Vice President*_____ for _Mortgage Electronic Registration Systems, Inc._ )

_____ (Affix Seal)
Notary Signature

My commission expires: _____

Recording Requested By
WELLS FARGO BANK  N A

When Recorded Return To

ASSIGNMENT TEAM
WELLS FARGO BANK, N A
1000 BLUE GENTIAN RD #250
MAC N9289-078
EAGAN, MN 55121-4400

Instr = 2483-1289
Pages: 1
Received on West Warwick R.I.
Date: 04 04 2013 10:25 AM
Recorded by... Town Clerk

West Warwick Town, Rhode Island
'CAMBIO'

## CORPORATE ASSIGNMENT OF MORTGAGE

Date of Assignment  March 18th 2013
Assignor  WELLS FARGO BANK N A  at 1 HOME CAMPUS DES MOINES IA 50328
Assignee  SPECIAL IZED LOAN SERVICING, LLC at 8742 LUCENT BLVD SUITE 300 HIGHLANDS RANCH, CO 80129

Executed By: MICHAEL J CAMBIO  A SINGLE MAN  To MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC  AS NOMINEE FOR COASTWAY CREDIT UNION  ITS SUCCESSORS AND ASSIGNS
Date of Mortgage  04/24/2007 Recorded  04 30 2007  in Book Peabook  1857 Page Folio 349 as Instrument No 00002805  in West Warwick Town  State of Rhode Island

Property Address  23 LONSBOW DRIVE WEST WARWICK RI 02893

KNOW ALL MEN BY THESE PRESENTS  that for good and valuable consideration  the receipt and sufficiency of which is hereby acknowledged the said Assignor hereby assigns unto the above-named Assignee  the said Mortgage having an original principal sum of $156,000.00 with interest  secured thereby  and the full benefit of all the powers and of all the covenants and provisos therein contained  and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Mortgage

TO HAVE AND TO HOLD the said Mortgage  and the said promissory note the said Assignee forever, subject to the terms contained in said Mortgage

WELLS FARGO BANK  N A
On 3-21-13

By
Mary Ellen Mathewson
Vice President Loan Documentation

STATE OF Minnesota
COUNTY OF Dakota

On 3/21/13  before me  Xee Lee  a Notary Public in the State of Minnesota, personally appeared  Mary Ellen Mathewson  Vice President Loan Documentation of WELLS FARGO BANK, N A., personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity  and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted  executed the instrument

WITNESS my hand and official seal

Xee Lee
Notary Expires 01/31/2018

XEE LEE
NOTARY PUBLIC  MINNESOTA
MY COMMISSION EXPIRES 01/31/2018

(This area for notarial seal)

PREPARED BY WELLS FARGO BANK  N A

INSTR # 2484-944
Pages: 2
Received in West Warwick R.C.
Date: 03/12/2019 09:26 AM
Marianne Kelly, Town Clerk

Prepared By and Return To:
Kathleen Collins
Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

Loan No:

Space above for Recorder's use

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, SPECIALIZED LOAN SERVICING LLC, whose address is 8742 LUCENT BOULEVARD SUITE #300, HIGHLANDS RANCH, COLORADO 80129, (ASSIGNOR), does hereby grant, assign and transfer to U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CHALET SERIES III TRUST, whose address is 7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: 4/24/2007
Original Loan Amount: $155,000.00
Executed by (Borrower(s)): MICHAEL J CAMBIO
Original Lender: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COASTWAY CREDIT UNION, ITS SUCCESSORS AND ASSIGNS
Filed of Record: In Mortgage Book/Liber/Volume 1857, Page 149,
Document/Instrument No: 00002865 in the Recording District of WEST WARWICK TOWNSHIP, RI, Recorded on 4/30/2007.

Property more commonly described as: 23 LONGBOW DRIVE, WEST WARWICK, RHODE ISLAND 02893

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date:      FEB 1 5 2019

SPECIALIZED LOAN SERVICING LLC, BY MERIDIAN ASSET SERVICES, LLC, ITS ATTORNEY-IN-FACT

By: GENA MOORE
Title: VICE PRESIDENT

Witness Name: ALBERT REED

Inst # 2484-944
Mari Anne Kelly, Town Clerk
FINAL PAGE OF DOC

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of        FLORIDA
County of      PINELLAS

On _____FEB 1 5 2019_____, before me, YOLANDA FRAME, a Notary Public, personally appeared GENA MOORE, VICE PRESIDENT of/for MERIDIAN ASSET SERVICES, LLC, AS ATTORNEY-IN-FACT FOR SPECIALIZED LOAN SERVICING LLC, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of FLORIDA that the foregoing paragraph is true and correct. I further certify GENA MOORE, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

(Notary Name)- YOLANDA FRAME
My commission expires: 3/17/2019

YOLANDA FRAME
MY COMMISS... # FF 211255
EXPIRES: March 17, 2019
Bonded Thru Budget Notary Services

Prepared By and Return To:

Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

Instr # 2486-964
Pages: 2
Received in West Warwick R.I.
Date: 02/11/2021 02:02 PM
Marianne Kelly, Town Clerk

Loan No ███████████

— Space above for Recorder's use

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CHALET SERIES III TRUST, whose address is 7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251, (ASSIGNOR), does hereby grant, assign and transfer to WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V-C, whose address is 3020 OLD RANCH PARKWAY SUITE 180, SEAL BEACH, CA 90740, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: 4/24/2007
Original Loan Amount: $155,000.00
Executed by (Borrower(s)): MICHAEL J CAMBIO
Original Lender: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COASTWAY CREDIT UNION, ITS SUCCESSORS AND ASSIGNS
Filed of Record: In Mortgage Book/Liber/Volume 1857, Page 149,
Document/Instrument No: 00002865 in the Recording District of WEST WARWICK TOWNSHIP, RI, Recorded on 4/30/2007.

Property more commonly described as: 23 LONGBOW DRIVE, WEST WARWICK, RHODE ISLAND 02893

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: 4/25/2019

US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CHALET SERIES III TRUST, BY MERIDIAN ASSET SERVICES, LLC, ITS ATTORNEY-IN-FACT

By: DANIEL SLEDD
Title: VICE PRESIDENT

Witness Name: GERALD MURCH

Instr # 2486-964
Marianne Kelly, To
FINAL PAGE OF DOC

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of   **FLORIDA**
County of  **PINELLAS**

On 4/25/2019, before me, NICHOLAS SHANE MATTHEWS, a Notary Public, personally appeared DANIEL SLEDD, VICE PRESIDENT of/for MERIDIAN ASSET SERVICES, LLC, AS ATTORNEY-IN-FACT FOR US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CHALET SERIES III TRUST, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of FLORIDA that the foregoing paragraph is true and correct. I further certify DANIEL SLEDD, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

(Notary Name): NICHOLAS SHANE MATTHEWS
My commission expires: 1/16/2022

NICHOLAS SHANE MATTHEWS
Commission # GG 176931
Expires January 16, 2022
Bonded Thru Budget Notary Services

Instr # 2486 965
Pages: 2
Received in West Warwick R.I.
Date: 02/11/2021 02:02 PM
Marianne Kelly, Town Clerk

Prepared By and Return To:

Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4630

Loan No █████

Space above for Recorder's use

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V-C, whose address is 3030 OLD RANCH PARKWAY SUITE 180, SEAL BEACH, CA 90740. (ASSIGNOR), does hereby grant, assign and transfer to CITIBANK, N.A., AS TRUSTEE FOR CMLTI ASSET TRUST, whose address is 388 GREENWICH STREET, 14TH FLOOR, NEW YORK, NY 10013, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: 4/24/2007
Original Loan Amount: $155,000.00
Executed by (Borrower(s)): MICHAEL J CAMBIO
Original Lender: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR COASTWAY CREDIT UNION, ITS SUCCESSORS AND ASSIGNS
Filed of Record: In Mortgage Book/Liber/Volume 1857, Page 149
Document/Instrument No: 00002865 in the Recording District of West Warwick Township, RI, Recorded on 4/30/2007.

Property more commonly described as: 23 LONGBOW DRIVE, WEST WARWICK, RHODE ISLAND 02893

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: (JAN 2 6 2021)

WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V-C, BY AMERICAN MORTGAGE INVESTMENT PARTNERS MANAGEMENT, LLC, ITS ATTORNEY-IN-FACT

By: DENA R NOBLE
Title: VP, COLLATERAL MANAGEMENT

Witness Name: A. Fuentes

Instr # 2486-965
Marianne Kelly, To
FINAL PAGE OF DOC

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of CALIFORNIA
County of ORANGE

On January 25, 2021, before me, VALYA FISHER, the undersigned Notary Public, personally appeared DENA R NOBLE, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of CALIFORNIA that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

VALYA FISHER
Notary Public - California
Orange County
Commission # 2283516
My Comm. Expires Mar 29, 2023

NOTARY PUBLIC
Printed Name: VALYA FISHER
My Commission Expires: March 29, 2023

Instr # 2486-4588
Pages: 2
Received in West Warwick R.I.
Date: 07/21/2021 09:32 AM
Sarah Rapose, Town Clerk

Prepared By and Return To:

Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(239) 351-2442

Loan No: ▮▮▮▮▮▮

Space above for Recorder's use

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **CITIBANK, N.A., AS TRUSTEE FOR CMLTI ASSET TRUST**, whose address is **388 GREENWICH STREET, 14TH FLOOR, NEW YORK, NY 10013**. (ASSIGNOR), does hereby grant, assign and transfer to **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE LB IGLOO IV TRUST**, whose address is **7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: 4/24/2007
Original Loan Amount: **$155,000.00**
Executed by (Borrower(s)): **MICHAEL J CAMBIO**
Original Lender: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR COASTWAY CREDIT UNION, ITS SUCCESSORS AND ASSIGNS**
Filed of Record: In Mortgage Book/Liber/Volume 1857, Page 149
Document/Instrument No: 00002865 in the Recording District of **West Warwick Township, RI**, Recorded on **4/30/2007**.

Property more commonly described as: **23 LONGBOW DRIVE, WEST WARWICK, RHODE ISLAND 02893**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: **6/30/2021**

**CITIBANK, N.A., AS TRUSTEE FOR CMLTI ASSET TRUST, BY MERIDIAN ASSET SERVICES, LLC, ITS ATTORNEY-IN-FACT**

By: MURAT DENIZ
Title: VICE PRESIDENT

Witness Name: DIEP DOAN

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of       **FLORIDA**
County of    **PINELLAS**

On **6/30/2021**, before me, **JEFF G. JORDAN**, a Notary Public, personally appeared **MURAT DENIZ, VICE PRESIDENT of/for MERIDIAN ASSET SERVICES, LLC, AS ATTORNEY-IN-FACT FOR CITIBANK, N.A., AS TRUSTEE FOR CMLTI ASSET TRUST,** personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct. I further certify the foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization and that MURAT DENIZ, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

(Notary Name): **JEFF G. JORDAN**
My commission expires: **02/26/2024**





Notice of Default

Fay Servicing, LLC
PO Box 9002
Temecula, CA 92589-9002

2358675409

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Fay Servicing, LLC
PO Box 88009
Chicago, IL  60680-1009

Send Correspondence to:
Fay Servicing, LLC
Attn: Customer Service Dept
PO Box 809441
Chicago, IL  60680-9441

20210125-256

Michael J Cambio
23 LONGBOW DR
WEST WARWICK, RI  02893-5570

W_RI_MED



Sent Via First-Class Mail®

✓ 01/25/2021

Michael J Cambio
23 LONGBOW DR
WEST WARWICK, RI 02893-5570

Loan Number: ▮▮▮▮
Property Address:     23 Longbow Dr
                     West Warwick, RI 02893

**FORM 34-27-3.2**

---

### NOTICE OF MEDIATION CONFERENCE PURSUANT TO
### R.I. GEN. LAWS § 34-27-3.2

---

### THIS IS NOT AN EVICTION NOTICE

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act. **TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED NOTICE OF MEDIATION, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INITIATING THE MEDIATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

**Name of Mortgagor:** Michael J Cambio          **Phone #** Not Available
**Mortgage Loan Number:** ▮▮▮▮
**Address of Residential Real Estate:** 23 Longbow Dr
          West Warwick, RI 02893

Date of Default: 09/01/2020
Date of release of loan from automatic stay in bankruptcy proceeding if applicable:  N/A
Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), if applicable:  N/A



The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

**Mortgagee:** Citibank N.A. as trustee for CMLTI Asset Trust

**Mortgagee Address:**
Street: 390 Greenwich St 5th FL New York NY 10013
City, State, Zip Code:

**Mortgagee Authorized Representative:** Reginald Guy

Date mailed: 01/25/2021

**Contact Information for Mortgagee Authorized Representative:**

Telephone: 1-800-495-7166

Email: RGUY@FAYSERVICING.COM

cc: **Mediation Coordinator:** Rhode Island Housing

FORMULÁRIO 34-27-3.2

**NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS**
**R.I. GEN. § 34-27-3.2**

## ISTO NÃO É UM AVISO DE DESPEJO

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÁO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O AVISO DE CONFERÊNCIA DE MEDIAÇÃO PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÁO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÁO.**

Nome do cliente: Michael J Cambio          Telefone: No Esta Disponible

Re: ▮▮▮▮▮▮
Endereço de Imóveis Residenciais: 23 Longbow Dr
        West Warwick, RI 02893

Data de delinquência:  09/01/2020
Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável: N/A
Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App §501 et seq. or R.I. Gen. Laws §34-27-4(d)), se aplicavel: N/A
O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrumento notifica - se que está inadimplente em sua hipoteca. Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

**Créditos Imobiliários:** Citibank N.A. as trustee for CMLTI Asset Trust

**Endereço de Créditos Imobiliários:**
Rua:  390 Greenwich St 5th FL New York NY 10013
Cidade, Estado, CEP:

**Representante Autorizado de Créditos Imobiliários:** Reginald Guy

Data de envio: 01/25/2021

**Informações de Contato para Representante Autorizado de Créditos Imobiliários:**
Telefone: 1-800-495-7166
E-mail: RGUY@FAYSERVICING.COM

cc: **Coordenador de Mediação:** Rhode Island Housing

**FORMULARIO 34-27-3.2**

## NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN
## EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R. I.)

### ESTO NO ES UN AVISO DE DESALOJO

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R. I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

> **PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE. DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL AVISO DE CONFERENCIA DE MEDIACIÓN COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO, Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMMAR LA CONFERENCIA DE MEDIACIÓN.**

Nombre del cliente: Michael J Cambio                     Teléfono: No Esta Disponible

Ref.:
Escriba la Dirección de la Propiedad Resindencial: 23 Longbow Dr
    West Warwick, RI 02893


Fecha de Defecto:  09/01/2020
Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable:  N/A
Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), si corresponde: N/A
Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca.  Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

**Acreedor hipotecario**:  Citibank N.A. as trustee for CMLTI Asset Trust



**Dirección del Acreedor hipotecario**:
Calle:  390 Greenwich St 5th FL New York NY 10013
Ciudad, estado y código postal:

**Representante autorizado del Acreedor hipotecario**: Reginald Guy
Fecha de envío postal: 01/25/2021

**Información de contacto del representante autorizado del Acreedor hipotecario**:

Teléfono:  1-800-495-7166
Dirección de correo electrónico:  RGUY@FAYSERVICING.COM

cc: **Coordinador de Mediación:** Rhode Island Housing

## Additional Disclosures

**Bankruptcy Notice:**

**To the extent your obligation has been discharged or is subject to the automatic stay in a bankruptcy case, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect a debt as your personal obligation. If you are represented by an attorney, please provide us with the attorney's name, address, and telephone number.**

**Mini-Miranda/FDCPA:**

**Fay Servicing, LLC is a debt collector, this is an attempt to collect a debt and any information obtained will be used for that purpose.**

**Unless you notify us within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within thirty (30) days after the receipt of this letter, we will provide you with the name and address of the original creditor, if the original creditor is different from the current creditor.**

**Credit Reporting:**

We may report information about your account to credit bureaus and late or missed payments may be reflected on your credit report.

**Servicemembers' Civil Relief Act:**

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances. If you are currently in the military service, or have been within the last twelve (12) months, **AND** joined after signing the Note and Security Instrument now in default, please notify Fay Servicing, LLC immediately. When contacting Fay Servicing, LLC as to your military service, you must provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil; 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified housing counselors (http://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact Reginald Guy toll-free at 1-800-495-7166 if you have questions about your rights under SCRA.

**Company Loss Mitigation Options:**

IF YOU ARE UNABLE TO BRING YOUR ACCOUNT CURRENT, Fay Servicing, LLC offers consumer assistance programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternatives to foreclosure. If you would like to learn more about these programs, you may contact Reginald Guy at 1-800-495-7166 Monday to Thursday 8:00am to 9:00pm CST Friday 8:30am to 5:00pm CST Saturday 10:00am to 4:00pm CST to discuss possible options. You may also visit our website www.fayservicing.com. WE ARE VERY INTERESTED IN ASSISTING YOU.

Fay Servicing, LLC
PO Box 9002
Temecula, CA 92589-9002



9314 7100 1170 1054 2245 23

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

**RETURN RECEIPT REQUESTED**

Send Payments to:
Fay Servicing, LLC
PO Box 88009
Chicago, IL  60680-1009

20210125-256

Send Correspondence to:
Fay Servicing, LLC
Attn: Customer Service Dept
PO Box 809441
Chicago, IL  60680-9441

Michael J Cambio
23 LONGBOW DR
WEST WARWICK, RI  02893-5570

W_RI_MED



Sent Via Certified Mail™ with Return Receipt
9314 7100 1170 1054 2245 23

01/25/2021

Michael J Cambio
23 LONGBOW DR
WEST WARWICK, RI 02893-5570

Loan Number: █████████
Property Address:     23 Longbow Dr
                      West Warwick, RI 02893

**FORM 34-27-3.2**

---

### NOTICE OF MEDIATION CONFERENCE PURSUANT TO
### R.I. GEN. LAWS § 34-27-3.2

---

### THIS IS NOT AN EVICTION NOTICE

This Notice is provided to you to inform you of the protections provided by R.I. Gen.
Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act.
**TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT
TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE
WITH AN INDEPENDENT MEDIATION COORDINATOR. THE
MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE
OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE,
WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE
RECEIPT OF A COMPLETED NOTICE OF MEDIATION, SINGLE POINT OF
CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT
INITIATING THE MEDIATION PROCESS HAS BEEN RECEIVED BY THE
MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A
FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT
MEDIATION CONFERENCE.**

**Name of Mortgagor:** Michael J Cambio          **Phone #** Not Available
**Mortgage Loan Number:** █████████
**Address of Residential Real Estate:** 23 Longbow Dr
        West Warwick, RI 02893

Date of Default: 09/01/2020
Date of release of loan from automatic stay in bankruptcy proceeding if applicable:  N/A
Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C.
App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), if applicable:  N/A

W_RI_MED   Rev.11/2019
Page 1 of 8

The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

**Mortgagee:** Citibank N.A. as trustee for CMLTI Asset Trust

**Mortgagee Address:**
Street: 390 Greenwich St 5th FL New York NY 10013
City, State, Zip Code:

**Mortgagee Authorized Representative:** Reginald Guy

Date mailed: 01/25/2021

**Contact Information for Mortgagee Authorized Representative:**

Telephone: 1-800-495-7166

Email: RGUY@FAYSERVICING.COM

cc: **Mediation Coordinator:** Rhode Island Housing

FORMULÁRIO 34-27-3.2

---

**NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS R.I. GEN. § 34-27-3.2**

---

## ISTO NÃO É UM AVISO DE DESPEJO

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÁO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O AVISO DE CONFERÊNCIA DE MEDIAÇÃO PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÁO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÁO.**

Nome do cliente: Michael J Cambio          Telefone: No Esta Disponible

Re: ▮▮▮▮▮▮▮
Endereço de imóveis Residenciais: 23 Longbow Dr
    West Warwick, RI 02893

Data de delinquência:  09/01/2020
Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável: N/A
Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App §501 et seq. or R.I. Gen. Laws §34-27-4(d)), se aplicavel: N/A
O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrumento notifica - se que está inadimplente em sua hipoteca. Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

**Créditos Imobiliários:** Citibank N.A. as trustee for CMLTI Asset Trust

**Endereço de Créditos Imobiliários:**
Rua:  390 Greenwich St 5th FL New York NY 10013
Cidade, Estado, CEP:

**Representante Autorizado de Créditos Imobiliários:** Reginald Guy

Data de envio: 01/25/2021

**Informações de Contato para Representante Autorizado de Créditos Imobiliários:**
Telefone: 1-800-495-7166
E-mail: RGUY@FAYSERVICING.COM

cc: **Coordenador de Mediação:** Rhode Island Housing

**FORMULARIO 34-27-3.2**

## NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R. I.)

### ESTO NO ES UN AVISO DE DESALOJO

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R. I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE. DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL AVISO DE CONFERENCIA DE MEDIACIÓN COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO, Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMMAR LA CONFERENCIA DE MEDIACIÓN.**

Nombre del cliente: Michael J Cambio          Teléfono: No Esta Disponible

Ref.: █████

Escriba la Dirección de la Propiedad Resindencial: 23 Longbow Dr
    West Warwick, RI 02893


Fecha de Defecto:  09/01/2020
Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable: N/A
Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), si corresponde: N/A
Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca.  Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

**Acreedor hipotecario**:  Citibank N.A. as trustee for CMLTI Asset Trust



**Dirección del Acreedor hipotecario**:
Calle:  390 Greenwich St 5th FL New York NY 10013
Ciudad, estado y código postal:

**Representante autorizado del Acreedor hipotecario**: Reginald Guy
Fecha de envío postal: 01/25/2021

**Información de contacto del representante autorizado del Acreedor hipotecario**:

Teléfono:  1-800-495-7166
Dirección de correo electrónico:  RGUY@FAYSERVICING.COM

cc: **Coordinador de Mediación:** Rhode Island Housing

## Additional Disclosures

**Bankruptcy Notice:**

**To the extent your obligation has been discharged or is subject to the automatic stay in a bankruptcy case, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect a debt as your personal obligation. If you are represented by an attorney, please provide us with the attorney's name, address, and telephone number.**

**Mini-Miranda/FDCPA:**

**Fay Servicing, LLC is a debt collector, this is an attempt to collect a debt and any information obtained will be used for that purpose.**

**Unless you notify us within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within thirty (30) days after the receipt of this letter, we will provide you with the name and address of the original creditor, if the original creditor is different from the current creditor.**

**Credit Reporting:**

We may report information about your account to credit bureaus and late or missed payments may be reflected on your credit report.

**Servicemembers' Civil Relief Act:**

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances. If you are currently in the military service, or have been within the last twelve (12) months, **AND** joined after signing the Note and Security Instrument now in default, please notify Fay Servicing, LLC immediately. When contacting Fay Servicing, LLC as to your military service, you must provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil; 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified housing counselors (http://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact Reginald Guy toll-free at 1-800-495-7166 if you have questions about your rights under SCRA.

**Company Loss Mitigation Options:**

IF YOU ARE UNABLE TO BRING YOUR ACCOUNT CURRENT, Fay Servicing, LLC offers consumer assistance programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternatives to foreclosure. If you would like to learn more about these programs, you may contact Reginald Guy at 1-800-495-7166 Monday to Thursday 8:00am to 9:00pm CST Friday 8:30am to 5:00pm CST Saturday 10:00am to 4:00pm CST to discuss possible options. You may also visit our website www.fayservicing.com. WE ARE VERY INTERESTED IN ASSISTING YOU.

Fay Servicing, LLC
PO Box 9002
Temecula, CA 92589-9002



9314 7100 1170 1054 1319 75

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Fay Servicing, LLC
PO Box 88009
Chicago, IL  60680-1009

**RETURN RECEIPT REQUESTED**

Send Correspondence to:
Fay Servicing, LLC
Attn: Customer Service Dept
PO Box 809441
Chicago, IL  60680-9441

20210123-256

Michael J Cambio
23 LONGBOW DR
WEST WARWICK, RI  02893-5570

W_GEN_DEMAND



Sent Via Certified Mail™ with Return Receipt
9314 7100 1170 1054 1319 75

01/25/2021

Michael J Cambio
23 LONGBOW DR
WEST WARWICK, RI 02893-5570

Loan Number:
Property Address:        23 Longbow Dr
                         West Warwick, RI 02893

Dear Michael J Cambio:

This letter is formal notice by Fay Servicing, LLC, the Servicer of the above-referenced loan, on behalf of Citibank N.A. as trustee for CMLTI Asset Trust, that you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/Security Deed ("Security Instrument"), for failure to pay amounts due.

You have a right to cure your default. To cure the default, you must pay the full amount of the default on this loan by 03/01/2021 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter). Failure to cure the default on or before this date may result in acceleration of the sums secured by the Security Instrument, foreclosure by judicial proceeding where applicable, and sale of the property.

As of the date of this notice, the total amount required to cure the default is $5,992.50, which consists of the following:

| | | |
|---|---|---|
| Next Payment Due Date: | | 09/01/2020 |
| Total Monthly Payments Due: | | $5,953.25 |
| 09/01/2020 | at | $1,190.65 |
| 10/01/2020 | at | $1,190.65 |
| 11/01/2020 | at | $1,190.65 |
| 12/01/2020 | at | $1,190.65 |
| 01/01/2021 | at | $1,190.65 |
| Late Charges: | | $0.00 |
| Corporate Advance Balance: | | $39.25 |
| Unapplied Balance: | | ($0.00) |

**TOTAL YOU MUST PAY TO CURE DEFAULT:**              **$5,992.50**

You can cure this default by making a payment of $5,992.50 by 03/01/2021. Please note any additional monthly payments, late charges and other charges that may be due under the Note, Security Instrument and applicable law after the date of this notice must also be paid to bring your account current. You may contact our Loss Mitigation Department at 8004957166 to obtain updated payment information. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current default. Please include your loan number and property address with your payment and send to:

Fay Servicing, LLC
PO Box 88009
Chicago, IL 60680-1009

If you wish to dispute the delinquency, or if you dispute the calculation of amount of the delinquency and reinstatement amount, you may contact us by calling 8004957166.

IF YOU ARE UNABLE TO BRING YOUR ACCOUNT CURRENT, Fay Servicing, LLC offers consumer assistance programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternatives to foreclosure. If you would like to learn more about these programs, you may contact Reginald Guy at 1-800-495-7166 Monday to Thursday 8:00am to 9:00pm CST Friday 8:30am to 5:00pm CST Saturday 10:00am to 4:00pm CST to discuss possible options. You may also visit our website www.fayservicing.com. WE ARE VERY INTERESTED IN ASSISTING YOU.

You have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale. If foreclosure proceedings are undertaken, we may pursue a deficiency judgment, if permitted by applicable law. Failure to respond to this letter may result in the loss of your property.

**To the extent your obligation has been discharged or is subject to the automatic stay in a bankruptcy case, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect a debt as your personal obligation. If you are represented by an attorney, please provide us with the attorney's name, address, and telephone number.**

**Fay Servicing, LLC is a debt collector, this is an attempt to collect a debt and any information obtained will be used for that purpose.**

**Unless you notify us within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within thirty (30) days after the receipt of this letter, we will provide you with the name and address of the original creditor, if the original creditor is different from the current creditor.**

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies by Fay Servicing, LLC.

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances. If you are currently in the military service, or have been within the last twelve (12) months, **AND** joined after signing the Note and Security Instrument now in default, please notify Fay Servicing, LLC immediately. When contacting Fay Servicing, LLC as to your military service, you must provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil; 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified housing counselors (http://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact Reginald Guy toll-free at 1-800-495-7166 if you have questions about your rights under SCRA.

For your benefit and assistance, there are government approved homeownership counseling agencies designed to help homeowners avoid losing their homes. To obtain a list of approved counseling agencies, please call 1-800-569-4287 or visit http://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm. You may also contact the Homeownership Preservation Foundation's Hope hotline at 1-888-995-HOPE (4673).

This matter is very important. Please give it your immediate attention.

Sincerely,

Fay Servicing, LLC
425 S. Financial Place, 20th Floor
Chicago, IL 60605
8004957166

Fay Servicing, LLC
PO Box 9002
Temecula, CA 92589-9002

2358644934

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Fay Servicing, LLC
PO Box 88009
Chicago, IL  60680-1009

Send Correspondence to:
Fay Servicing, LLC
Attn: Customer Service Dept
PO Box 809441
Chicago, IL  60680-9441

20210123-256

Michael J Cambio
23 LONGBOW DR
WEST WARWICK, RI  02893-5570

W_GEN_DEMAND



Sent Via First-Class Mail®

01/25/2021

Michael J Cambio
23 LONGBOW DR
WEST WARWICK, RI 02893-5570

Loan Number:         ███████
Property Address:    23 Longbow Dr
                     West Warwick, RI 02893

Dear Michael J Cambio:

This letter is formal notice by Fay Servicing, LLC, the Servicer of the above-referenced loan, on behalf of Citibank N.A. as trustee for CMLTI Asset Trust, that you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/Security Deed ("Security Instrument"), for failure to pay amounts due.

You have a right to cure your default. To cure the default, you must pay the full amount of the default on this loan by 03/01/2021 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter). Failure to cure the default on or before this date may result in acceleration of the sums secured by the Security Instrument, foreclosure by judicial proceeding where applicable, and sale of the property.

As of the date of this notice, the total amount required to cure the default is $5,992.50, which consists of the following:

| | | |
|---|---|---|
| Next Payment Due Date: | | 09/01/2020 |
| Total Monthly Payments Due: | | $5,953.25 |
| 09/01/2020 | at | $1,190.65 |
| 10/01/2020 | at | $1,190.65 |
| 11/01/2020 | at | $1,190.65 |
| 12/01/2020 | at | $1,190.65 |
| 01/01/2021 | at | $1,190.65 |
| Late Charges: | | $0.00 |
| Corporate Advance Balance: | | $39.25 |
| Unapplied Balance: | | ($0.00) |

**TOTAL YOU MUST PAY TO CURE DEFAULT:**          **$5,992.50**

You can cure this default by making a payment of $5,992.50 by 03/01/2021. Please note any additional monthly payments, late charges and other charges that may be due under the Note, Security Instrument and applicable law after the date of this notice must also be paid to bring your account current. You may contact our Loss Mitigation Department at 8004957166 to obtain updated payment information. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current default. Please include your loan number and property address with your payment and send to:

Fay Servicing, LLC
PO Box 88009
Chicago, IL 60680-1009

If you wish to dispute the delinquency, or if you dispute the calculation of amount of the delinquency and reinstatement amount, you may contact us by calling 8004957166.

IF YOU ARE UNABLE TO BRING YOUR ACCOUNT CURRENT, Fay Servicing, LLC offers consumer assistance programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternatives to foreclosure. If you would like to learn more about these programs, you may contact Reginald Guy at 1-800-495-7166 Monday to Thursday 8:00am to 9:00pm CST Friday 8:30am to 5:00pm CST Saturday 10:00am to 4:00pm CST to discuss possible options. You may also visit our website www.fayservicing.com. WE ARE VERY INTERESTED IN ASSISTING YOU.

You have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale. If foreclosure proceedings are undertaken, we may pursue a deficiency judgment, if permitted by applicable law. Failure to respond to this letter may result in the loss of your property.

**To the extent your obligation has been discharged or is subject to the automatic stay in a bankruptcy case, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect a debt as your personal obligation. If you are represented by an attorney, please provide us with the attorney's name, address, and telephone number.**

**Fay Servicing, LLC is a debt collector, this is an attempt to collect a debt and any information obtained will be used for that purpose.**

**Unless you notify us within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within thirty (30) days after the receipt of this letter, we will provide you with the name and address of the original creditor, if the original creditor is different from the current creditor.**

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies by Fay Servicing, LLC.

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances. If you are currently in the military service, or have been within the last twelve (12) months, **AND** joined after signing the Note and Security Instrument now in default, please notify Fay Servicing, LLC immediately. When contacting Fay Servicing, LLC as to your military service, you must provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil; 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified housing counselors (http://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact Reginald Guy toll-free at 1-800-495-7166 if you have questions about your rights under SCRA.

For your benefit and assistance, there are government approved homeownership counseling agencies designed to help homeowners avoid losing their homes. To obtain a list of approved counseling agencies, please call 1-800-569-4287 or visit http://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm. You may also contact the Homeownership Preservation Foundation's Hope hotline at 1-888-995-HOPE (4673).

This matter is very important. Please give it your immediate attention.

Sincerely,

Fay Servicing, LLC
425 S. Financial Place, 20th Floor
Chicago, IL 60605
8004957166

Fay Servicing, LLC
PO Box 9002
Temecula, CA 92589-9002



9314 7100 1170 1054 2340 41

**RETURN RECEIPT REQUESTED**

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

20210126-256

Rhode Island Housing Mediation Coordinator
44 WASHINGTON ST
PROVIDENCE, RI 02903-1731

Fay Servicing, LLC
PO Box 9002
Temecula, CA 92589-9002



9314 7100 1170 1054 2245 23

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Fay Servicing, LLC
PO Box 88009
Chicago, IL  60680-1009

**RETURN RECEIPT REQUESTED**

Send Correspondence to:
Fay Servicing, LLC
Attn: Customer Service Dept
PO Box 809441
Chicago, IL  60680-9441

20210125-256

Michael J Cambio
23 LONGBOW DR
WEST WARWICK, RI  02893-5570





Sent Via Certified Mail™ with Return Receipt
9314 7100 1170 1054 2245 23

01/25/2021

Michael J Cambio
23 LONGBOW DR
WEST WARWICK, RI 02893-5570

Loan Number: ▮▮▮▮
Property Address:    23 Longbow Dr
                     West Warwick, RI 02893

**FORM 34-27-3.2**

---

### NOTICE OF MEDIATION CONFERENCE PURSUANT TO
### R.I. GEN. LAWS § 34-27-3.2

---

### THIS IS NOT AN EVICTION NOTICE

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act. **TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED NOTICE OF MEDIATION, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INITIATING THE MEDIATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

**Name of Mortgagor:** Michael J Cambio          **Phone #** Not Available
**Mortgage Loan Number:** ▮▮▮▮
**Address of Residential Real Estate:** 23 Longbow Dr
          West Warwick, RI 02893

Date of Default: 09/01/2020
Date of release of loan from automatic stay in bankruptcy proceeding if applicable:  N/A
Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), if applicable:  N/A



W_RI_MED    Rev.11/2019
Page 1 of 8

The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

**Mortgagee:** Citibank N.A. as trustee for CMLTI Asset Trust

**Mortgagee Address:**
Street:  390 Greenwich St 5th FL New York NY 10013
City, State, Zip Code:

**Mortgagee Authorized Representative:** Reginald Guy

Date mailed: 01/25/2021

**Contact Information for Mortgagee Authorized Representative:**

Telephone:  1-800-495-7166

Email:  RGUY@FAYSERVICING.COM

cc: **Mediation Coordinator:** Rhode Island Housing

FORMULÁRIO 34-27-3.2

---

### NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS
### R.I. GEN. § 34-27-3.2

---

### ISTO NÃO É UM AVISO DE DESPEJO

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÁO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O AVISO DE CONFERÊNCIA DE MEDIAÇÃO PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÁO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÁO.**

Nome do cliente: Michael J Cambio          Telefone: No Esta Disponible

Re: ▮▮▮▮▮▮
Endereço de Imóveis Residenciais: 23 Longbow Dr
          West Warwick, RI 02893

Data de delinquência:  09/01/2020
Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável: N/A
Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App §501 et seq. or R.I. Gen. Laws §34-27-4(d)), se aplicavel: N/A
O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrumento notifica - se que está inadimplente em sua hipoteca.  Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

**Créditos Imobiliários:** Citibank N.A. as trustee for CMLTI Asset Trust

**Endereço de Créditos Imobiliários:**
Rua:  390 Greenwich St 5th FL New York NY 10013
Cidade, Estado, CEP:

**Representante Autorizado de Créditos Imobiliários:** Reginald Guy

Data de envio:  01/25/2021

**Informações de Contato para Representante Autorizado de Créditos Imobiliários:**
Telefone: 1-800-495-7166
E-mail: RGUY@FAYSERVICING.COM

cc: **Coordenador de Mediação:**  Rhode Island Housing

**FORMULARIO 34-27-3.2**

### NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R. I.)

### ESTO NO ES UN AVISO DE DESALOJO

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R. I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE. DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL AVISO DE CONFERENCIA DE MEDIACIÓN COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO, Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMMAR LA CONFERENCIA DE MEDIACIÓN.**

Nombre del cliente: Michael J Cambio                Teléfono: No Esta Disponible

Ref.: ▮▮▮▮▮▮▮
Escriba la Dirección de la Propiedad Resindencial: 23 Longbow Dr
    West Warwick, RI 02893


Fecha de Defecto:  09/01/2020
Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable:  N/A
Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), si corresponde: N/A
Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca.  Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

**Acreedor hipotecario**:  Citibank N.A. as trustee for CMLTI Asset Trust

**Dirección del Acreedor hipotecario**:
Calle: 390 Greenwich St 5th FL New York NY 10013
Ciudad, estado y código postal:

**Representante autorizado del Acreedor hipotecario**: Reginald Guy
Fecha de envío postal: 01/25/2021

**Información de contacto del representante autorizado del Acreedor hipotecario**:

Teléfono: 1-800-495-7166
Dirección de correo electrónico: RGUY@FAYSERVICING.COM

cc: **Coordinador de Mediación:** Rhode Island Housing

## Additional Disclosures

**Bankruptcy Notice:**

**To the extent your obligation has been discharged or is subject to the automatic stay in a bankruptcy case, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect a debt as your personal obligation. If you are represented by an attorney, please provide us with the attorney's name, address, and telephone number.**

**Mini-Miranda/FDCPA:**

**Fay Servicing, LLC is a debt collector, this is an attempt to collect a debt and any information obtained will be used for that purpose.**

**Unless you notify us within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within thirty (30) days after the receipt of this letter, we will provide you with the name and address of the original creditor, if the original creditor is different from the current creditor.**

**Credit Reporting:**

We may report information about your account to credit bureaus and late or missed payments may be reflected on your credit report.

**Servicemembers' Civil Relief Act:**

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances. If you are currently in the military service, or have been within the last twelve (12) months, **AND** joined after signing the Note and Security Instrument now in default, please notify Fay Servicing, LLC immediately. When contacting Fay Servicing, LLC as to your military service, you must provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil; 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified housing counselors (http://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact Reginald Guy toll-free at 1-800-495-7166 if you have questions about your rights under SCRA.

**Company Loss Mitigation Options:**

IF YOU ARE UNABLE TO BRING YOUR ACCOUNT CURRENT, Fay Servicing, LLC offers consumer assistance programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternatives to foreclosure. If you would like to learn more about these programs, you may contact Reginald Guy at 1-800-495-7166 Monday to Thursday 8:00am to 9:00pm CST Friday 8:30am to 5:00pm CST Saturday 10:00am to 4:00pm CST to discuss possible options. You may also visit our website www.fayservicing.com. WE ARE VERY INTERESTED IN ASSISTING YOU.



# EXHIBIT G

Acceleration Letter

Demerle Hoeger LLP
10 CITY SQ STE 4
BOSTON MA 02129-3740

$5.86   US POSTAGE
FIRST-CLASS
Jul 27 2021
Mailed from ZIP 02129
1 oz First-Class Mail Letter

11923275



062S0012913542

**USPS CERTIFIED MAIL**

9414 8118 9876 5807 7437 89

Michael J. Camblo
23 LONGBOW DR
WEST WARWICK RI 02893-6570



# DEMERLE HOEGER LLP

REAL ESTATE LAW

<u>**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**</u>

IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.

- This is an important notice concerning your right to live in your home. Have it translated at once.
- Esta carta explica sus derechos legales para permanecer en su propiedad de vivienda. Por favor traduzca esta notificacion inmediatamente.
- Este é um aviso importante em relação ao seu dereito de morar na sua residência. Por favor, tem tradizido imediatamente.
- C'est une notification importante concernant votre droit de vivre chez vous. Faites-la traduire immédiatement.
- 这是一则关於您居住权的重要通知, 请儘快安排翻译

<u>NOTICE OF ACCELERATION</u>

July 27, 2021

BY FIRST-CLASS MAIL AND BY CERTIFIED MAIL,
RETURN RECEIPT REQUESTED

Michael J. Cambio
23 Longbow Drive
West Warwick, RI 02893

     RE:    **23 Longbow Drive, West Warwick, RI 02893 ("Premises")**
           **Loan Number:** ▮▮▮▮▮▮▮

Dear Michael J. Cambio:

This office has been retained by SN Servicing Corporation, servicer for U.S. Bank Trust National Association, as Trustee of LB-Igloo Series IV Trust ("Holder"), the present holder of a certain mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for State Chartered Credit Union, in the original principal amount of $155,000.00, dated April 24, 2007 ("Mortgage"). The Holder informs us that you are in breach of conditions of the loan documents and Mortgage regarding the property located at **23 Longbow Drive, West Warwick, RI 02893** ("Premises"). We have been instructed to foreclose in the name of the Holder under the Power of

Michael J. Cambio
23 Longbow Drive, West Warwick, RI 02893
Notice of Acceleration
July 27, 2021

Sale contained in the Mortgage and by entry. You are hereby notified that the Holder elects to accelerate the entire indebtedness and declares the entire balance due and payable forthwith and without further notice. Our client has advised that as of the date of this notice, the amount of the debt is $165,515.42.

Even though the debt is hereby accelerated, you may still have the right to reinstate the loan. While your Mortgage may contain a limitation on the timing of reinstatement to five (5) days prior to the foreclosure sale, notwithstanding this limitation, you may reinstate at any time prior to the sale. Please note that because interest and other charges continue to accrue pursuant to the terms of the loan documents, the above figure is subject to change and the amount necessary to reinstate or pay off the loan changes daily. If you would like a reinstatement quote or payoff statement for the loan, please contact the undersigned. Please note that only requests made by owners, borrowers, mortgagors and/or authorized parties will be processed. Please also note, however, that the Holder reserves its right, if allowed by the loan documents and applicable law, to refuse to accept a reinstatement and to insist upon full payment of all amounts due.

Unless you, within thirty (30) days after receipt of this notice, dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If you notify this office in writing within thirty (30) days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the thirty (30) days from receipt of this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The law does not require this office to wait until the end of the thirty- (30) day period before proceeding with legal action to collect the debt. However, if you notify this office in writing within the thirty- (30) day period described in the previous paragraph that the debt, or any portion thereof, is disputed, or that you request the name and address of the original creditor, this office shall cease collection of the debt or any disputed portion thereof until this office obtains verification of the debt or a copy of a judgment, or the name and the address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to you by this office.

Your failure to dispute the validity of the debt may not be construed by a court as an admission of liability by you.

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Michael J. Cambio
23 Longbow Drive, West Warwick, RI 02893
Notice of Acceleration
July 27, 2021

If you (a) did not execute the promissory note relating to this Mortgage; (b) are in bankruptcy; or (c) have been discharged in bankruptcy, this letter is for informational purposes only and is not intended as an attempt to collect a debt or an act to collect, assess or recover all or any portion of the debt from you personally. If you are represented by an attorney, please provide us with your attorney's name, address and telephone number.

Sincerely,

Michael Swain
Demerle Hoeger LLP,
Counsel for SN Servicing Corporation

FC – Michael J. Cambio – Accel                    3



# EXHIBIT H

SCRA Report

SCRA 5.9



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:           XXX-XX▮▮▮
Birth Date:
Last Name:     CAMBIO
First Name:    MICHAEL
Middle Name:
Status As Of:  Aug-25-2021
Certificate ID: ▮▮▮▮▮▮▮

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

Case 1:21-cv-00502-MSM-PAS   Document 1   Filed 12/22/21   Page 100 of 100 PageID #: 100

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting the person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.